OPINION
In 1994, Defendant-Appellant Kenneth S. Pigg was convicted of one count of gross sexual imposition with a violence specification, and was sentenced to four to ten years in prison and a two hundred dollar fine. On May 9, 1997, the trial court held a sexual offender classification hearing regarding Pigg. The court filed an entry June 7, 2000 adjudicating Pigg a sexual predator.
Pigg alleges that neither the trial court nor his appointed attorney explained his right to appeal the sexual predator adjudication. Consequently, no notice of appeal was filed. On October 17, 2000, purportedly soon after learning that no appeal had been filed, Pigg requested leave to file a delayed appeal in this court. We denied this request finding App.R. 5(A) only allows delayed appeals for criminal proceedings, and a sexual predator adjudication is civil in nature. SeeState v. Pigg (Nov. 6, 2000), Champaign App. No. 00-CA-25, unreported (citing State v. Cook (1998), 83 Ohio St.3d 404).
Thereafter, on February 6, 2001, Pigg filed a Civ.R. 60(B) motion for relief from judgment in the trial court, requesting the June 7, 2000 judgment be rejournalized so that he may affect a timely appeal. In his motion, Pigg argued that because his counsel failed to timely notify him of the June 7, 2000 decision, and failed to explain his options for appeal, he was essentially without counsel during that time period. The trial court overruled the motion finding that it was not filed within a reasonable time and it was meritless. Pigg then filed the instant appeal. His sole assignment of error is:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT AND ABUSED ITS DISCRETION WHEN IT OVERRULED APPELLANT'S MOTION FOR RELIEF FROM JUDGMENT.
Pigg argues in his brief that his Civ.R. 60(B) motion was filed within a reasonable time and had merit. However, the remainder of the brief argues that the trial court erred in adjudicating him a sexual predator. In effect, Pigg used the Civ.R. 60(B) motion as a substitute for a direct appeal. He said as much in the introduction to his Civ.R. 60(B) motion: "The Defendant requests that said judgment be rejournalized so that a timely appeal can be perfected with reference to said judgment." The supreme court has held "[a] Civ.R. 60(B) motion for relief from judgment cannot be used as a substitute for a timely appeal or as a means to extend the time for perfecting an appeal from the original judgment."State ex rel. Richard v. Cuyahoga Cty. Commrs. (2000), 89 Ohio St.3d 205,206 (citations omitted).
We previously addressed a factually similar situation in State v.Childers (May 5, 2000), Montgomery App. No. 17963, unreported. In the trial court following his adjudication as an habitual sexual offender, Childers filed a "motion to adjust entry," which he asked us to consider as a Civ.R. 60(B) motion. We found that even if a Civ.R. 60(B) motion was proper following a sexual predator adjudication, it could not be used as a substitute for appeal. Childers, like Pigg, claimed in his motion that the trial court made a mistake in his sexual offender classification, which is an issue that should have been tested on direct appeal. Consequently, we found in Childers that the motion for reconsideration of the sexual offender classification was a nullity and affirmed the trial court's dismissal. Id.
We find that Pigg, like Childers, filed his Civ.R. 60(B) motion as a substitute for a direct appeal. Accordingly, we must overrule his sole assignment of error.
In State v. Cook, supra, the Ohio Supreme Court held that a sexual predator classification as applied to conduct prior to the effective date of the statute does not violate the Retroactivity Clause of the Ohio Constitution or the Ex Post Facto Clause of the United States Constitution. The Court found that the trial court did not err in considering a presentence investigation report which constituted hearsay because it noted that Evid. R. 101(C) excepts application of the Rules of Evidence from certain proceedings, such as "miscellaneous criminal proceedings" like extradition proceedings, sentencing, probation revocation hearings, and bail hearings. The court noted that a sexual predator hearing is similar to sentencing or probation hearings. Id. at 425.
Some confusion was created when the Supreme Court decided the case ofState v. Gowdy (2000), 88 Ohio St.3d 387, wherein it held that the notice requirement for sexual offender classification hearings is mandatory and the failure of defense counsel to object to the judge's proceeding with the hearing without notice to the defendant was plain error under the civil plain error analysis. Justice Stratton wrote as follows:
 Defense counsel did not formally object to the judge's proceeding with the hearing without notice to the defendant. We are mindful that we have held that sexual offender classification hearings under R.C. 2950.09(B) are civil in nature, State v. Cook (1998), 83 Ohio St.3d 404, 423, 700 N.E.2d 570, 585. "In appeals of civil cases, the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." Goldfuss v. Davidson (1997), 79 Ohio St.3d 116, 679 N.E.2d 1099, syllabus. (Emphasis ours).
The Supreme Court has not specifically addressed the question of whether sexual predator appeals should proceed as criminal appeals subject to App.R. 5. With some hesitation we believe the Supreme Court would find appeals from such determinations should be treated as criminal appeals. Indeed, many of the sexual predator determinations take place in the trial court at the time of sentencing and appeals have come to us from those determinations as a part of the underlying appeal of the criminal conviction. For policy reasons, it would be inefficient to have the sexual predator determination appeal severed from the underlying criminal conviction and subjective to the provisions of Civ.R. 58. More importantly, the leave to appeal provisions of App.R. 5 would be unavailable to a criminal defendant to set aside an erroneous sexual predator classification if the appeal were characterized as a civil appeal.
Accordingly, we find that an appeal from a sexual predator classification is a criminal appeal governed by App.R. 5. Accordingly, Pigg may again seek leave to appeal the predator classification made by the trial court by removing his motion in Case No. 2000-CA-25, supra, which we would be inclined to grant. Counsel will then be appointed to prosecute appellant's appeal.
The judgment of the trial court however is Affirmed.
WOLFF, P.J., and GRADY, J., concur.